08-3153-ag (L); 08-6215-ag (Con)
Mudiangomba v. Holder

BIA
Straus, IJ
A095 837 895

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of April, two thousand ten.

PRESENT:
> JOHN M. WALKER, JR.,
> GUIDO CALABRESI,
> REENA RAGGI,
> > *Circuit Judges.*

_____

DIEMU JEAN PAUL MUDIANGOMBA,
> *Petitioner*,

> v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,[1]
> *Respondent*.

08-3153-ag (L);
08-6215-ag (Con)
NAC

_____

FOR PETITIONER:      Justin Conlon, Law Offices of
                     Michael Boyle, North Haven,

_____

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Connecticut.

FOR RESPONDENT: Tony West, Assistant Attorney General, Civil Division; Leslie McKay, Assistant Director, Office of Immigration Litigation; Kristin K. Edison, Attorney, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of these petitions for review of two decisions of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Petitioner Diemu Jean Paul Mudiangomba, allegedly a native and citizen of the Democratic Republic of Congo ("DRC"), seeks review of (1) a May 29, 2008 order of the BIA affirming the July 21, 2006 decision of Immigration Judge ("IJ") Michael W. Straus denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), *In re Diemu Jean Paul Mudiangomba*, No. A 095 837 895 (B.I.A. May 29, 2008), *aff'g* No. A 095 837 895 (Immig. Ct. Hartford Jul. 21, 2006); and (2) a November 28, 2008 order of the BIA denying his motion to reconsider, *In re Diemu Jean Paul Mudiangomba*, No. A 095 837 895 (B.I.A. Nov. 28, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

2

**A.    Asylum, Withholding of Removal, and CAT Relief**

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008). We review *de novo* questions of law and the application of law to undisputed fact. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

It is well-settled that identity is a threshold issue in establishing eligibility for asylum. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006) (noting that a "petitioner's nationality, or lack of nationality, is a threshold question in determining his eligibility for asylum" (internal quotation marks omitted)); *see also Dhoumo v. BIA*, 416 F.3d 172, 174 (2d Cir. 2005) (same). Here, substantial evidence supports the IJ's determination that Mudiangomba failed to establish that he is a native and citizen of the DRC. This evidence includes a Zambian passport in the name "John Kapya Paul Mulumba"

bearing Mudiangomba's photograph. Although Mudiangomba denied applying for the passport, its genuineness was supported by a Forensic Document Laboratory ("FDL") report, which concluded that the passport "conform[ed] to specimen documents on file in the FDL reference collection" and that "no conclusive physical evidence of page or photograph substitution and biographic data alteration was found." Further, contrary to Mudiangomba's claim that he had not traveled to Zambia in 2000, or visited the U.S. Consulate there to apply for a visa, a State Department "Applicant Case Lookup Detail" report, also bearing Mudiangomba's photograph, indicated that, on December 20, 2000, he appeared as a "walk-in" applicant at the consulate in Zambia, represented that he had been born in that country, and was issued a United States visa.

Mudiangomba challenges the weight the IJ afforded the FDL report and his rejection of Mudiangomba's explanation for how smugglers provided him with the Zambian passport. Weight and credibility assessments lie largely within the discretion of the IJ, and we detect no abuse of that discretion here. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006); *Majidi v. Gonzales*, 430

4

F.3d 77, 80-81 (2d Cir. 2005). Mudiangomba additionally argues that the IJ failed to consider all of the relevant evidence. We presume, however, that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise, which it does not in this case. *See Xiao Ji Chen,* 471 F.3d at 336 n.17. Ultimately, we conclude that a reasonable factfinder would not be *compelled* to find contrary to the IJ that Mudiangomba established that he was a native and citizen of the DRC. *See Majidi*, 430 F.3d at 80-81 (noting that an IJ's findings of fact are conclusive "unless any reasonable adjudicator would be compelled to conclude to the contrary").

In sum, the adverse credibility determination was within the IJ's discretion and provided evidentiary support for the conclusion that Mudiangomba failed to establish his eligibility for asylum. Inasmuch as his claims for withholding of removal and CAT relief share the same factual predicate as his asylum claim, the IJ's adverse credibility finding is fatal to those claims as well. *See Paul v. Gonzales*, 444 F.3d 148, 157 (2d Cir. 2006). Because the adverse credibility finding is amply supported by the record, the Court need not reach the agency's alternate

5

burden of proof findings.

**B.    Motion to Reconsider**

A motion to reconsider must specify errors of fact or law in the BIA's decision and must be supported by pertinent authority.  *See* 8 C.F.R. § 1003.2(b)(1); *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 90 (2d Cir. 2001).  A motion to reconsider "is a request that the Board reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked."  *Matter of Cerna*, 20 I. & N. Dec. 399, 402 n.2 (B.I.A. 1991) (internal quotation marks omitted).

In his motion to reconsider, Mudiangomba argued that the IJ's order designating the DRC as the alternative country of removal was inconsistent with the agency's determination that Mudiangomba failed to prove Congolese nationality and identity.  An alien may be removed to "[a] country in which the alien resided before the alien entered the country from which the alien entered the United States."  8 U.S.C. § 1231(b)(2)(E)(iii).  In light of Mudiangomba's testimony that he resided in the DRC, we detect no error of fact or law in the IJ's designation of the DRC as the

6

alternative country of removal.  *See id.; see also Jama v. ICE*, 543 U.S. 335, 341 (2005).

For the foregoing reasons, the petitions for review are DENIED.  As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot.  Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7